**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| CASSIDY GILLIS,<br><br>Plaintiff,<br><br>vs.<br><br>RICHMOND COUNTY SHERIFF'S OFFICE; SHERIFF EUGENE BRANTLEY; FORMER SHERIFF RICHARD ROUNDTREE, in his individual and official capacity; CAPTAIN KIMBERLY LEE, in her individual and official capacity; JOSEPH A. CLARKE, in his individual and official capacity, and JOHN DOES,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. CV 125-165<br><br><br><br><br><br><br><br>**ANSWER OF KIMBERLY LEE** |

COMES NOW Defendant Kimberly Lee (hereinafter "this defendant") and file this Answer to plaintiff's Complaint, showing the Court as follows:

**<u>FIRST DEFENSE</u>**

The plaintiff's Complaint fails to state a claim against upon which relief can be granted and should be dismissed.

**<u>SECOND DEFENSE</u>**

The claims as set forth in the plaintiff's Complaint are barred, in whole or in part, by the doctrine of sovereign immunity offered to this defendant pursuant to the Georgia Constitution.

**<u>THIRD DEFENSE</u>**

The plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**<u>FOURTH DEFENSE</u>**

This defendant at all times herein mentioned acted in good faith, without malice, and within the scope of her duties as an officer and/or agent of any public entity defendant, and she is, therefore, immune from the allegations of the plaintiff's Complaint.

**FIFTH DEFENSE**

The plaintiff's claims, in whole or in part, are barred by the doctrines of laches, waiver and estoppel.

**SIXTH DEFENSE**

This defendant asserts the defenses of privilege, legal justification, and any and all statutory defenses and immunities available to her as a public officer.

**SEVENTH DEFENSE**

The plaintiff's claims for punitive damages and attorney's fees are barred by statutory, constitutional and common law.

**EIGHTH DEFENSE**

The plaintiff's claims for punitive damages against this defendant are barred by such defendant's absolute immunity from claims for punitive damages.

**NINTH DEFENSE**

The plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and applicable provisions of the Constitution of the State of Georgia on the following grounds:

a. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive or exemplary damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

b. The procedures pursuant to which punitive or exemplary damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

c. The procedures pursuant to which punitive or exemplary damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

d. The procedures pursuant to which punitive or exemplary damages are awarded fail to provide specific standards for the amount of the award of such damages, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

e. The procedures pursuant to which punitive or exemplary damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

f. The procedures pursuant to which punitive or exemplary damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and the excessive fines clause of the Constitution of the State of Georgia in that this defendant has no protection against disproportionate punishment allowed by recovery of such damages.

g. Allowing punitive or exemplary damages to be imposed by jurors as they think best offends the basic concept of due process, namely, the right of an individual to be free from arbitrary action by the government.

## **TENTH DEFENSE**

Any alleged injuries sustained by the plaintiff were caused solely by the wrongful acts and omissions of others and not by reason of any unlawful act or omission by this defendant.

**ELEVENTH DEFENSE**

The plaintiff's Complaint fails to state a claim for injunctive relief and should be denied.

**TWELFTH DEFENSE**

All procedures utilized by this defendant were reasonable and resulted in no damage to the plaintiff for which this defendant is liable.

**THIRTEENTH DEFENSE**

This defendant has breached no duty owed to the plaintiff.

**FOURTEENTH DEFENSE**

Any claims by the plaintiff against this defendant in her individual capacity are barred, in whole or in part, by the official immunity afforded to this defendant pursuant to Art. I, Sec. II, Para. IX of the Georgia Constitution.

**FIFTEENTH DEFENSE**

The plaintiff's claims against this defendant are barred, in whole or in part, by the doctrine of qualified immunity from suit and liability. This defendant did not violate any clearly established constitutional rights of which a reasonable official would have known, under the facts and circumstances available to this defendant, and she is, therefore, entitled to qualified immunity.

**SIXTEENTH DEFENSE**

The plaintiff's claims are barred in whole or in part by the Eleventh Amendment to the United States Constitution.

**SEVENTEENTH DEFENSE**

This defendant responds to the specific allegations of the plaintiff's Complaint in paragraphs which correspond with the paragraphs in the plaintiff's Complaint as follows:

INTRODUCTION

This Defendant admits that the section of plaintiff's Complaint captioned "Introduction" includes plaintiff's contentions alleged in the complaint, but this Defendant denies any allegations contained in the "Introduction" asserted as to this Defendant, and further denies that this Defendant is liable to plaintiff. This Defendant is otherwise without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations in the "Introduction."

1. In response to the allegations contained in paragraph 1 of the plaintiff's Complaint, this defendant admits that the plaintiff purports to bring this action pursuant to the enumerated statutes and constitutional provisions and admits that jurisdiction of this Court exists over certain claims brought by the plaintiff pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This defendant denies any remaining allegations contained in paragraph 1 and specifically denies that she violated any statutory or constitutional provision enumerated in that paragraph or that the plaintiff is entitled to any relief in this action.

2. In response to the allegations contained in paragraph 2 of the plaintiff's Complaint, this defendant admits that the plaintiff purports to bring certain state law claims in this action and admits that jurisdiction of this Court exists over these certain claims brought by the plaintiff pursuant to 28 U.S.C. § 1367. This defendant denies any remaining allegations contained in paragraph 2 and specifically denies that she violated any statutory or constitutional provision enumerated in that paragraph or that the plaintiff is entitled to any relief in this action.

3. In response to the allegations contained in paragraph 3 of the plaintiff's Complaint, this defendant admits that venue is proper under 28 U.S.C. § 1391.

4. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 4 of the plaintiff's Complaint.

**PARTIES**

5. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 5 of the plaintiff's Complaint.

6. This defendant denies the allegations contained in paragraph 6 of the plaintiff's Complaint.

7. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 7 of the plaintiff's Complaint.

8. In response to the allegations contained in paragraph 8 of plaintiff's Complaint, this Defendant admits that Defendant Brantley is the current Sheriff of Richmond County and that the actions described in plaintiff's Complaint allegedly occurred during the administration of Defendant Roundtree. This Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 8 of the plaintiff's Complaint.

9. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 9 of the plaintiff's Complaint.

10. In response to the allegations contained in paragraph numbered 10 of the plaintiff's Complaint, this defendant admits that Richard Roundtree is a named defendant in this action. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph numbered 10.

11. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 11 of the plaintiff's Complaint.

12. In response to the allegations contained in paragraph numbered 12 of the plaintiff's Complaint, this defendant admits that she is a named defendant in this action and was employed by Richmond County Sheriff at the times of the events set forth in the plaintiff's Complaint. This defendant denies the remaining allegations contained in paragraph numbered 12, as stated.

13. In response to the allegations contained in paragraph numbered 13 of the plaintiff's Complaint, this Defendant admits that she is a resident of Chatham County. This defendant denies the remaining allegations contained in paragraph 13 of the plaintiff's Complaint.

14. In response to the allegations contained in paragraph numbered 14 of the plaintiff's Complaint, this defendant admits that Joseph A. Clarke is a named defendant in this action. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph numbered 14.

15. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 15 of the plaintiff's Complaint.

16. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 16 of the plaintiff's Complaint.

## **FACTUAL ALLEGATIONS**

17. In response to the allegations contained in paragraph 17 of plaintiff's Complaint, this defendant admits that in the fall of 2020 she was involved in the process of reviewing

Defendant Clarke's application for the position of jailer. This Defendant denies the remaining allegations contained in paragraph 17 of the plaintiff's Complaint.

18. This defendant denies the allegations contained in paragraph 18 of the plaintiff's Complaint.

19. In response to the allegations contained in paragraph 19 of plaintiff's Complaint, this defendant denies having knowledge of the identify of any alleged victim to contact or any complaint to investigate. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph numbered 19.

20. This Defendant denies the allegations contained in paragraph 20 of the plaintiff's Complaint.

21. In response to the allegations contained in paragraph 21 of plaintiff's Complaint, this Defendant admits that Defendant Clarke was hired in October of 2020. This defendant denies the remaining allegations contained in paragraph 21 of the plaintiff's Complaint.

22. This defendant denies as stated the allegations contained in paragraph 22 of the plaintiff's Complaint.

23. In response to the allegations contained in paragraph 23 of plaintiff's Complaint, this Defendant admits Defendant Clarke was hired as a jailer by the Richmond County Sheriff. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph numbered 23.

24. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 24 of the plaintiff's Complaint.

25. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 25 of the plaintiff's Complaint.

26. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 26 of the plaintiff's Complaint.

27. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 27 of the plaintiff's Complaint.

28. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 28 of the plaintiff's Complaint.

29. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 29 of the plaintiff's Complaint.

30. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 30 of the plaintiff's Complaint.

31. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 31 of the plaintiff's Complaint.

32. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 32 of the plaintiff's Complaint.

33. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 33 of the plaintiff's Complaint.

34. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 34 of the plaintiff's Complaint.

35. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 35 of the plaintiff's Complaint.

36. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 36 of the plaintiff's Complaint.

37. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 37 of the plaintiff's Complaint.

38. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 38 of the plaintiff's Complaint.

39. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 39 of the plaintiff's Complaint.

40. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 40 of the plaintiff's Complaint.

41. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 41 of the plaintiff's Complaint.

42. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 42 of the plaintiff's Complaint.

43. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 43 of the plaintiff's Complaint.

44. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 44 of the plaintiff's Complaint.

45. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 45 of the plaintiff's Complaint.

46. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 46 of the plaintiff's Complaint.

47. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 47 of the plaintiff's Complaint.

48. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 48 of the plaintiff's Complaint.

49. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 49 of the plaintiff's Complaint.

50. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 50 of the plaintiff's Complaint.

51. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 51 of the plaintiff's Complaint.

52. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 52 of the plaintiff's Complaint.

53. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 53 of the plaintiff's Complaint.

54. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 54 of the plaintiff's Complaint.

55. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 55 of the plaintiff's Complaint.

56. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 56 of the plaintiff's Complaint.

57. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 57 of the plaintiff's Complaint.

58. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 58 of the plaintiff's Complaint.

59. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 59 of the plaintiff's Complaint.

60. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 60 of the plaintiff's Complaint.

61. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 61 of the plaintiff's Complaint.

62. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 62 of the plaintiff's Complaint.

63. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 63 of the plaintiff's Complaint.

64. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 64 of the plaintiff's Complaint.

65. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 65 of the plaintiff's Complaint.

66. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 66 of the plaintiff's Complaint.

67. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 67 of the plaintiff's Complaint.

68. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 68 of the plaintiff's Complaint.

69. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 69 of the plaintiff's Complaint.

70. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 70 of the plaintiff's Complaint.

71. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 71 of the plaintiff's Complaint.

72. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 72 of the plaintiff's Complaint.

73. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 73 of the plaintiff's Complaint.

74. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 74 of the plaintiff's Complaint.

75. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 75 of the plaintiff's Complaint.

76. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 76 of the plaintiff's Complaint.

77. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 77 of the plaintiff's Complaint.

78. This defendant denies as stated the allegations contained in paragraph 78 of the plaintiff's Complaint.

79. This defendant denies of the allegations contained in paragraph 79 of the plaintiff's Complaint.

80. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 80 of the plaintiff's Complaint.

81. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 81 of the plaintiff's Complaint.

82. This defendant denies the allegations contained in paragraph 82 of the plaintiff's Complaint.

83. This defendant denies the allegations contained in paragraph 83 of the plaintiff's Complaint.

84. This defendant denies the allegations contained in paragraph 84 of the plaintiff's Complaint.

85. This defendant denies the allegations contained in paragraph 85 of the plaintiff's Complaint.

86. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 86 of the plaintiff's Complaint.

87. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 87 of the plaintiff's Complaint.

**COUNT I: ILLEGAL SEZURE**

88. In response to Paragraph 88 of the Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1 through 87 of the Complaint.

89. In response to the allegations contained in paragraph 89 of the plaintiff's Complaint, this defendant admits that the plaintiff purports to bring this action against the named Defendants seeking the alleged relief. This defendant denies any remaining allegations contained in paragraph 89 and specifically denies that she violated any statutory or constitutional provision enumerated in that paragraph or that the plaintiff is entitled to any relief in this action.

90. Paragraph numbered 90 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, this Defendant states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she violated said right.

91. Paragraph numbered 91 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, this Defendant states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she violated said right.

92. Paragraph numbered 92 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, this Defendant states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she violated said right.

93. Paragraph numbered 93 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, this Defendant states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she violated said right.

94. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 94 of the plaintiff's Complaint.

95. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 95 of the plaintiff's Complaint.

96. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 96 of the plaintiff's Complaint.

97. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 86 of the plaintiff's Complaint.

98. This defendant denies as stated the allegations contained in paragraph 98 of the plaintiff's Complaint.

99. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 99 of the plaintiff's Complaint.

100. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 100 of the plaintiff's Complaint.

101. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 101 of the plaintiff's Complaint.

102. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 102 of the plaintiff's Complaint.

103. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 103 of the plaintiff's Complaint.

104. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 104 of the plaintiff's Complaint.

105. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 105 of the plaintiff's Complaint.

106. This defendant denies the allegations contained in paragraph 106 of the plaintiff's Complaint.

## COUNT II: EQUAL PROTECTION VIOLATION

107. In response to Paragraph 107 of the Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1 through 106 of the Complaint.

108. In response to the allegations contained in paragraph 108 of the plaintiff's Complaint, this defendant admits that the plaintiff purports to bring this action against the named Defendants seeking the alleged relief. This defendant denies any remaining allegations contained in paragraph 108 and specifically denies that she violated any statutory or constitutional provision enumerated in that paragraph or that the plaintiff is entitled to any relief in this action.

109. Paragraph numbered 109 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, this Defendant states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she violated said right.

110. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 110 of the plaintiff's Complaint.

111. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 111 of the plaintiff's Complaint.

112. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 112 of the plaintiff's Complaint.

113. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 113 of the plaintiff's Complaint.

114. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 114 of the plaintiff's Complaint, but denies that she violated any right.

115. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 115 of the plaintiff's Complaint.

116. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 116 of the plaintiff's Complaint.

117. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 117 of the plaintiff's Complaint.

118. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 118 of the plaintiff's Complaint.

119. In response to the allegations contained in paragraph 119 of plaintiff's Complaint, this defendant admits that Defendant Roundtree was the sheriff at the time that the actions described in plaintiff's Complaint allegedly occurred. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 119 of the plaintiff's Complaint.

120. This defendant denies the allegations contained in paragraph 120 of the plaintiff's Complaint.

121. This defendant denies the allegations contained in paragraph 121 of the plaintiff's Complaint.

**COUNT III: NEGLIGENT HIRING**

122. In response to Paragraph 122 of the Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1 through 121 of the Complaint.

123. In response to the allegations contained in paragraph 123 of the plaintiff's Complaint, this defendant admits that the plaintiff purports to bring this action against the named Defendants seeking the alleged relief. This defendant denies any remaining allegations contained in paragraph 123 and specifically denies that she violated any statutory or

constitutional provision enumerated in that paragraph or that the plaintiff is entitled to any relief in this action.

124. Paragraph numbered 124 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, this Defendant states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she violated any applicable duty of care.

125. Paragraph numbered 125 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, this Defendant states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she violated any applicable duty of care.

126. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 126 of the plaintiff's Complaint.

127. This defendant denies the allegations contained in paragraph 127 of the plaintiff's Complaint.

128. This defendant denies the allegations contained in paragraph 128 of the plaintiff's Complaint.

129. This defendant denies the allegations contained in paragraph 129 of the plaintiff's Complaint.

130. This defendant denies the allegations contained in paragraph 130 of the plaintiff's Complaint.

131. This Defendant denies as stated the allegations contained in paragraph 131 of the plaintiff's Complaint and specifically denies that she violated any applicable duty of care.

132. This Defendant denies as stated the allegations contained in paragraph 132 of the plaintiff's Complaint and specifically denies that she violated any applicable duty of care.

133. This Defendant denies as stated the allegations contained in paragraph 133 of the plaintiff's Complaint and specifically denies that she violated any applicable duty of care.

134. This defendant denies the allegations contained in paragraph 134 of the plaintiff's Complaint.

135. This defendant denies the allegations contained in paragraph 135 of the plaintiff's Complaint.

## COUNT IV: EMPLOYEE MISCONDUCT LIABILITY

136. In response to Paragraph 136 of the Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1 through 135 of the Complaint.

137. Paragraph numbered 137 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, this Defendant states that the paragraph calls for a legal conclusion for which strict proof is required and is not a proper pleading.

138. In response to the allegations contained in paragraph 138 of plaintiff's Complaint, this defendant admits that Defendant Roundtree was the sheriff at the time that the actions described in plaintiff's Complaint allegedly occurred. The remaining portion of Paragraph numbered 138 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, this Defendant states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she violated any applicable duty of care.

139. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 139 of the plaintiff's Complaint.

140. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 140 of the plaintiff's Complaint.

141. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 141 of the plaintiff's Complaint.

142. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 142 of the plaintiff's Complaint.

143. This defendant denies the allegations contained in paragraph 143 of the plaintiff's Complaint.

144. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 144 of the plaintiff's Complaint.

**COUNT V: FALSE IMPRISONMENT**

145. In response to Paragraph 145 of the Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1 through 144 of the Complaint.

146. Paragraph numbered 146 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, this Defendant states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she violated any statutory provision.

147. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 147 of the plaintiff's Complaint.

148. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 148 of the plaintiff's Complaint.

149. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 149 of the plaintiff's Complaint.

150. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 150 of the plaintiff's Complaint.

151. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 151 of the plaintiff's Complaint.

152. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 152 of the plaintiff's Complaint.

153. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 153 of the plaintiff's Complaint.

## COUNT VI: SEXUAL BATTERY

154. In response to Paragraph 154 of the Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1 through 153 of the Complaint.

155. Paragraph numbered 155 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, this Defendant states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she violated any statutory provision.

156. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 156 of the plaintiff's Complaint.

157. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 157 of the plaintiff's Complaint.

158. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 158 of the plaintiff's Complaint.

159. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 159 of the plaintiff's Complaint.

160. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 160 of the plaintiff's Complaint.

161. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 161 of the plaintiff's Complaint.

162. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 162 of the plaintiff's Complaint.

163. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 163 of the plaintiff's Complaint.

## COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

164. In response to Paragraph 164 of the Complaint, Defendant restates and incorporates by reference its responses to Paragraphs 1 through 163 of the Complaint.

165. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 165 of the plaintiff's Complaint.

166. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 166 of the plaintiff's Complaint.

167. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 167 of the plaintiff's Complaint.

168. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 168 of the plaintiff's Complaint.

169. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 169 of the plaintiff's Complaint.

170. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 170 of the plaintiff's Complaint.

171. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 171 of the plaintiff's Complaint.

172. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 172 of the plaintiff's Complaint.

173. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 173 of the plaintiff's Complaint.

174. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 174 of the plaintiff's Complaint.

175. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 175 of the plaintiff's Complaint.

176. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 176 of the plaintiff's Complaint.

177. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 177 of the plaintiff's Complaint.

## EIGHTEENTH DEFENSE

Any allegations contained in the plaintiff's Complaint that are not admitted, denied or otherwise responded to above are hereby specifically denied.

WHEREFORE, this defendant prays:

a. That the plaintiff's Complaint be dismissed with all costs assessed against the plaintiff, and judgment be entered in favor of this defendant; and

b. That the Court grant such other and further relief as it deems necessary and proper.

This 25th day of July, 2025.

/s/ *Davis A. Dunaway*
Davis A. Dunaway
Georgia Bar No. 232902
William J. Keogh
Georgia Bar No. 415781

*Attorneys for Defendants Richmond County Sheriff's Office, Sheriff Eugene Brantley, Former Sheriff Richard Roundtree and Captain Kimberly Lee*

OF COUNSEL:
HULL BARRETT, PC
Post Office Box 1564
Augusta, Georgia 30903
(706) 722-4481 telephone
(706) 722-9779 facsimile
ddunaway@hullbarrett.com
wkeogh@hullbarrett.com

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing **Answer of Kimberly Lee** with the Clerk of Court using the NextGen CM/ECF system and served upon the parties and/or their counsel of record by depositing a copy of the same in the United States Mail with proper postage affixed thereto to ensure proper delivery to the following:

Tanya D. Jeffords
Erin Wingo
Law Offices of Tanya D. Jeffords and Associates, PC
437 Walker Street
Augusta, Georgia 30901

Joseph Clarke
Long State Prison
GDC# 1003650082
1434 US HWY 84
East Ludowici, Georgia 31316

Respectfully submitted, this 25th day of July, 2025.

*/s/ Davis A. Dunaway*
Davis A. Dunaway