IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| CASSIDY GILLIS,<br><br>Plaintiff,<br><br>v.<br><br>RICHMOND COUNTY SHERRIFF'S OFFICE; SHERRIFF EUGENE BRANTLEY, in his official capacity; FORMER SHERRIFF RICHARD ROUNDTREE, in his individual and official capacity; CAPTAIN KIMBERLY LEE, in her individual and official capacity; JOSEPH A. CLARKE, in his individual and official capacity, and JOHN DOES,<br><br>Defendants. | Case No.: 1:25-cv-165 |

**ANSWER**

COMES NOW Defendant Joseph Clarke and files this Answer to Plaintiff's Complaint, showing the Court the following:

**FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Some or all of Plaintiff's claims are barred by lack of subject matter jurisdiction.

**THIRD DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrines of qualified and official immunity.

**FIFTH DEFENSE**

Some or all of Plaintiff's claims are barred by immunity pursuant to the Eleventh Amendment of the United States Constitution.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation and the equitable doctrines of laches, waiver, and estoppel.

**SEVENTH DEFENSE**

Defendant specifically reserves the right to raise additional claims or defenses which may become available.

**EIGHTH DEFENSE**

Defendant hereby responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendant admits that this Court has jurisdiction over claims under 28 U.S.C. § 1343(a)(3); otherwise, Defendant denies the allegations set forth in paragraph 1 of Plaintiff's Complaint.
2. Defendant admits that this Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367; otherwise, Defendant denies the allegations set forth in paragraph 2 of Plaintiff's Complaint.
3. Defendant admits that venue is proper under 28 U.S.C. § 1391; otherwise, Defendant denies the allegations set forth in paragraph 3 of Plaintiff's Complaint.
4. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint.
5. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 6 of Plaintiff's complaint.
7. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 7 of Plaintiff's Complaint.
8. Defendant admits only that Plaintiff appears to name Eugene Brantley as a defendant in his official capacity; otherwise, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 8 of Plaintiff's Complaint.
9. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint.
10. Defendant admits only that Plaintiff appears to name Richard Roundtree as a defendant in his official and individual capacity; otherwise, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint.
11. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 11 of Plaintiff's Complaint.
12. Defendant admits that Plaintiff appears to name Kimberly Lee as a defendant in her official and individual capacity; otherwise, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 12 of Plaintiff's Complaint.
13. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 13 of Plaintiff's Complaint.
14. Defendant admits only that he was employed at the Richmond County Sheriff's Office and is named as a Defendant; otherwise, Defendant is without sufficient

information to admit or deny the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations set forth in paragraph 15 of Plaintiff's Complaint.
16. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint.
17. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 17 of the Complaint.
18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.
19. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 19 of Plaintiff's Complaint.
20. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 20 of Plaintiff's Complaint.
21. Defendant denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.
22. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 22 of the Plaintiff's Complaint.
23. Defendant admits that he was employed by Sheriff Richard Roundtree; otherwise, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 23 of Plaintiff's Complaint.
24. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 24 of Plaintiff's Complaint.
25. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 25 of Plaintiff's Complaint.
26. Defendant admits that his job responsibilities included escorting and protecting visitors to the jail as set forth in paragraph 26 of Plaintiff's Complaint.

27. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 27 of Plaintiff's Complaint.
28. Defendant denies the allegations set forth in paragraph 28 of the Plaintiff's Complaint.
29. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 29 of Plaintiff's Complaint.
30. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 30 of Plaintiff's Complaint.
31. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 31 of Plaintiff's Complaint.
32. Defendant denies the allegations set forth in paragraph 32 of the Plaintiff's Complaint.
33. Defendant denies the allegations set forth in paragraph 33 of the Plaintiff's Complaint.
34. Defendant denies the allegations set forth in paragraph 34 of the Plaintiff's Complaint.
35. Defendant denies the allegations set forth in paragraph 35 of the Plaintiff's Complaint.
36. Defendant denies the allegations set forth in paragraph 36 of the Plaintiff's Complaint.
37. Defendant denies the allegations set forth in paragraph 37 of the Plaintiff's Complaint.
38. Defendant denies the allegations set forth in paragraph 38 of the Plaintiff's Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Plaintiff's Complaint.

40. Defendant denies the allegations set forth in paragraph 40 of the Plaintiff's Complaint.

41. Defendant denies the allegations set forth in paragraph 41 of the Plaintiff's Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of the Plaintiff's Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of the Plaintiff's Complaint.

44. Defendant denies the allegations set forth in paragraph 44 of the Plaintiff's Complaint.

45. Defendant denies the allegations set forth in paragraph 45 of the Plaintiff's Complaint.

46. Defendant denies the allegations set forth in paragraph 46 of the Plaintiff's Complaint.

47. Defendant denies the allegations set forth in paragraph 47 of the Plaintiff's Complaint.

48. Defendant denies the allegations set forth in paragraph 48 of the Plaintiff's Complaint.

49. Defendant denies the allegations set forth in paragraph 49 of the Plaintiff's Complaint.

50. Defendant denies the allegations set forth in paragraph 50 of the Plaintiff's Complaint.

51. Defendant denies the allegations set forth in paragraph 51 of the Plaintiff's Complaint.
52. Defendant denies the allegations set forth in paragraph 52 of the Plaintiff's Complaint.
53. Defendant denies the allegations set forth in paragraph 53 of the Plaintiff's Complaint.
54. Defendant denies the allegations set forth in paragraph 54 of the Plaintiff's Complaint.
55. Defendant denies the allegations set forth in paragraph 55 of the Plaintiff's Complaint.
56. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 56 of Plaintiff's Complaint.
57. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 57 of Plaintiff's Complaint.
58. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 58 of Plaintiff's Complaint.
59. Defendant denies the allegations set forth in paragraph 59 of the Plaintiff's Complaint.
60. Defendant denies the allegations set forth in paragraph 60 of the Plaintiff's Complaint.
61. Defendant denies the allegations set forth in paragraph 61 of the Plaintiff's Complaint.
62. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 62 of the Plaintiff's Complaint.

63. Defendant denies the allegations set forth in paragraph 63 of the Plaintiff's Complaint.

64. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 64 of Plaintiff's Complaint.

65. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations set forth in paragraph 66 of the Plaintiff's Complaint.

67. Defendant denies the allegations set forth in paragraph 67 of the Plaintiff's Complaint.

68. Defendant denies the allegations set forth in paragraph 68 of the Plaintiff's Complaint.

69. Defendant denies the allegations set forth in paragraph 69 of the Plaintiff's Complaint.

70. Defendant denies the allegations set forth in paragraph 70 of the Plaintiff's Complaint.

71. Defendant denies the allegations set forth in paragraph 71 of the Plaintiff's Complaint.

72. Defendant denies the allegations set forth in paragraph 72 of the Plaintiff's Complaint.

73. Defendant denies the allegations set forth in paragraph 73 of the Plaintiff's Complaint.

74. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 74 of Plaintiff's Complaint.

75. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 75 of Plaintiff's Complaint.

76. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 76 of Plaintiff's Complaint.

77. Defendant denies the allegations set forth in paragraph 77 of the Plaintiff's Complaint.

78. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 78 of the Plaintiff's Complaint.

79. Defendant denies the allegations set forth in paragraph 79 of the Plaintiff's Complaint.

80. Defendant admits the allegations set forth in paragraph 80 of the Plaintiff's Complaint.

81. Defendant denies the allegations set forth in paragraph 81 of the Plaintiff's Complaint.

82. Defendant denies the allegations set forth in paragraph 82 of the Plaintiff's Complaint.

83. Defendant denies the allegations set forth in paragraph 83 of the Plaintiff's Complaint.

84. Defendant denies the allegations set forth in paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations set forth in paragraph 85 of the Plaintiff's Complaint.

86. Defendant denies the allegations set forth in paragraph 86 of the Plaintiff's Complaint.

87. Defendant denies the allegations set forth in paragraph 87 of Plaintiff's Complaint.

88. Defendant incorporates as if restated herein his responses in paragraphs 1 through 87 above.

89. The substance of paragraph 89 is introductory such that a response is not required. To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 89 of Plaintiff's Complaint.

90. Defendant admits the allegations set forth in paragraph 90 of the Plaintiff's Complaint.

91. The substance of paragraph 91 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits only that the Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

92. The substance of paragraph 92 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 92 of Plaintiff's Complaint.

93. The substance of paragraph 93 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 93 of Plaintiff's Complaint.

94. Defendant denies the allegations set forth in paragraph 94 of the Plaintiff's Complaint.

95. Defendant denies the allegations set forth in paragraph 95 of the Plaintiff's Complaint.

96. Defendant denies the allegations set forth in paragraph 96 of the Plaintiff's Complaint.

97. Defendant denies the allegations set forth in paragraph 97 of the Plaintiff's Complaint.

98. Defendant denies the allegations set forth in paragraph 98 of the Plaintiff's Complaint.

99. Defendant denies the allegations set forth in paragraph 99 of the Plaintiff's Complaint.

100. Defendant denies the allegations set forth in paragraph 100 of the Plaintiff's Complaint.

101. Defendant denies the allegations set forth in paragraph 101 of Plaintiff's Complaint.

102. Defendant denies the allegations set forth in paragraph 102 of the Plaintiff's Complaint.

103. Defendant denies the allegations set forth in paragraph 103 of the Plaintiff's Complaint.

104. Defendant denies the allegations set forth in paragraph 104 of the Plaintiff's Complaint.

105. Defendant denies the allegations set forth in paragraph 105 of the Plaintiff's Complaint.

106. Defendant denies the allegations set forth in paragraph 106 of the Plaintiff's Complaint.

107. Defendant incorporates as if restated herein his responses in paragraphs 1 through 106 above.

108. The substance of paragraph 108 is introductory such that a response is not required. To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 108 of the Plaintiff's Complaint.

109. The substance of paragraph 109 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 109 of the Plaintiff's Complaint.

110. Defendant denies the allegations set forth in paragraph 110 of the Plaintiff's Complaint.

111. Defendant denies the allegations set forth in paragraph 111 of the Plaintiff's Complaint.

112. Defendant denies the allegations set forth in paragraph 112 of the Plaintiff's Complaint.

113. Defendant denies the allegations set forth in paragraph 113 of the Plaintiff's Complaint.

114. Defendant denies the allegations set forth in paragraph 114 of the Plaintiff's Complaint.

115. Defendant denies the allegations set forth in paragraph 115 of the Plaintiff's Complaint.

116. Defendant denies the allegations set forth in paragraph 116 of the Plaintiff's Complaint.

117. Defendant denies the allegations set forth in paragraph 117 of the Plaintiff's Complaint.

118. Defendant denies the allegations set forth in paragraph 118 of the Plaintiff's Complaint.

119. Defendant admits only that he was employed by Sheriff Roundtree; otherwise, Defendant denies the allegations set forth in paragraph 119 of the Plaintiff's Complaint.

120. Defendant denies the allegations set forth in paragraph 120 of the Plaintiff's Complaint.

121. Defendant denies the allegations set forth in paragraph 121 of the Plaintiff's Complaint.

122. Defendant incorporates as if restated herein his responses in paragraphs 1 through 121 above.

123. The substance of this paragraph is introductory such that a response is not required. To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 123 of the Plaintiff's Complaint.

124. Defendant admits the allegations set forth in paragraph 124 of the Plaintiff's Complaint.

125. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 125 of the Plaintiff's Complaint.

126. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 126 of the Plaintiff's Complaint.

127. Defendant denies the allegations set forth in paragraph 127 of the Plaintiff's Complaint.

128. Defendant denies the allegations set forth in paragraph 128 of the Plaintiff's Complaint.

129. Defendant denies the allegations set forth in paragraph 129 of the Plaintiff's Complaint.

130. Defendant denies the allegations set forth in paragraph 130 of the Plaintiff's Complaint.

131. Defendant denies the allegations set forth in paragraph 131 of the Plaintiff's Complaint.

132. Defendant denies the allegations set forth in paragraph 132 of the Plaintiff's Complaint.

133. Defendant denies the allegations set forth in paragraph 133 of the Plaintiff's Complaint.

134. Defendant denies the allegations set forth in paragraph 134 of the Plaintiff's Complaint.

135. Defendant denies the allegations set forth in paragraph 135 of the Plaintiff's Complaint.

136. Defendant incorporates as if restated herein his responses in paragraphs 1 through 135 above.

137. The substance of paragraph 137 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits only that O.C.G.A. § 15-16-24(2) and (3) states that no claim or cause of action against a sheriff exists unless "the sheriff was personally aware of and had actual knowledge

of the act complained of and had actual knowledge that the act was illegal, was contrary to law, or was the breach of a duty imposed by law and either acted to cause or failed to prevent the act complained of; or the sheriff failed to exercise ordinary care and diligence to prevent the condition or act which proximately caused the injury complained of."

138. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 138 of the Plaintiff's Complaint.

139. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 139 of the Plaintiff's Complaint.

140. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 140 of the Plaintiff's Complaint.

141. Defendant denies the allegations set forth in paragraph 141 of the Plaintiff's Complaint.

142. Defendant denies the allegations set forth in paragraph 142 of the Plaintiff's Complaint.

143. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 143 of the Plaintiff's Complaint.

144. Defendant denies the allegations set forth in paragraph 144 of the Plaintiff's Complaint.

145. Defendant incorporates as if restated herein his responses in paragraphs 1 through 144 above.

146. Defendant admits the allegations set forth in paragraph 146 of the Plaintiff's Complaint.

147. Defendant denies the allegations set forth in paragraph 147 of the Plaintiff's Complaint.

148. Defendant denies the allegations set forth in paragraph 148 of the Plaintiff's Complaint.

149. Defendant denies the allegations set forth in paragraph 149 of the Plaintiff's Complaint.

150. Defendant denies the allegations set forth in paragraph 150 of the Plaintiff's Complaint.

151. Defendant denies the allegations set forth in paragraph 151 of the Plaintiff's Complaint.

152. Defendant denies the allegations set forth in paragraph 152 of the Plaintiff's Complaint.

153. Defendant denies the allegations set forth in paragraph 153 of the Plaintiff's Complaint.

154. Defendant incorporates as if restated herein his responses in paragraphs 1 through 153 above.

155. Defendant admits the allegations set forth in paragraph 155 of the Plaintiff's Complaint.

156. Defendant denies the allegations set forth in paragraph 156 of the Plaintiff's Complaint.

157. Defendant denies the allegations set forth in paragraph 157 of the Plaintiff's Complaint.

158. Defendant denies the allegations set forth in paragraph 158 of the Plaintiff's Complaint.

159. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 159 of Plaintiff's Complaint.

160. Defendant denies the allegations set forth in paragraph 160 of the Plaintiff's Complaint.

161. Defendant denies the allegations set forth in paragraph 161 of the Plaintiff's Complaint.

162. Defendant denies the allegations set forth in paragraph 162 of the Plaintiff's Complaint.

163. Defendant denies the allegations set forth in paragraph 163 of the Plaintiff's Complaint.

164. Defendant incorporates as if restated herein his responses in paragraphs 1 through 163 above.

165. Defendant denies the allegations set forth in paragraph 165 of the Plaintiff's Complaint.

166. Defendant denies the allegations set forth in paragraph 166 of the Plaintiff's Complaint.

167. Defendant denies the allegations set forth in paragraph 167 of the Plaintiff's Complaint.

168. Defendant denies the allegations set forth in paragraph 168 of the Plaintiff's Complaint.

169. Defendant denies the allegations set forth in paragraph 169 of the Plaintiff's Complaint.

170. Defendant denies the allegations set forth in paragraph 170 of the Plaintiff's Complaint.

171. Defendant denies the allegations set forth in paragraph 171 of the Plaintiff's Complaint.

172. Defendant denies the allegations set forth in paragraph 172 of the Plaintiff's Complaint.

173. Defendant denies the allegations set forth in paragraph 173 of the Plaintiff's Complaint.

174. Defendant denies the allegations set forth in paragraph 174 of the Plaintiff's Complaint.

175. Defendant denies the allegations set forth in paragraph 175 of the Plaintiff's Complaint.

176. Defendant denies the allegations set forth in paragraph 176 of the Plaintiff's Complaint.

177. Defendant denies the allegations set forth in paragraph 177 of the Plaintiff's Complaint.

**NINTH DEFENSE**

Defendant denies each and every requested prayer for relief set forth in Plaintiff's Complaint.

**TENTH DEFENSE**

All allegations set forth in Plaintiff's Complaint that were not admitted or otherwise responded to above are hereby expressly denied.

**Wherefore**, Defendant prays that this Court:

a. Dismiss Plaintiff's Complaint with prejudice;

b. Grant judgment to Defendant;

c. Assess all costs against Plaintiff; and

d. Award such other and further relief as just and proper.

Respectfully submitted this 6th day of October 2025.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendant Clarke*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CASSIDY GILLIS,

Plaintiff,

v.

RICHMOND COUNTY SHERRIFF'S OFFICE et al.

Defendants.

Case No.: 1:25-cv-165

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the foregoing **Answer** in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system, via email, or via the United States Mail with adequate postage attached thereon to:

Tanya D. Jeffords
Erin E. Wingo
Law Offices of Tanya D. Jeffords and Associates, PC
437 Walker Street
Augusta, Georgia 30901
tjeffords@jeffordslaw.com
erin@jeffordslaw.com

Davis A. Dunaway
William J. Keogh
Hull Barrett, PC
PO Box 1564
Augusta, Georgia 30903
ddunaway@hullbarrett.com
wkeogh@hullbarrett.com

This 6th day of October 2025.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendant Clarke*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com