IN THE UNITED STATES DISRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CASSIDY GILLIS,<br><br>Plaintiff,<br><br>v.<br><br>RICHMOND COUNTY SHERIFF'S OFFICE; SHERIFF EUGENE BRANTLEY; FORMER SHERIFF RICHARD ROUNDTREE; CAPTAIN KIMBERLY LEE; JOSEPH A. CLARKE; and JOHN DOES,<br><br>Defendants. | ) | CV 1:25-165 |

**ORDER REFERRING AND SETTING JUDICIAL SETTLEMENT CONFERENCE**

By request of the parties, the Court hereby refers this matter for a judicial settlement conference before the Honorable Susan D. Barrett ("Settlement Facilitator") to commence on **September 23, 2026, at 10:00 a.m.** in the United States Bankruptcy Courthouse, 600 James Brown Boulevard, Augusta, Georgia, 30901, or such date as may be agreed upon. Personal appearance by the parties is required to increase the efficiency and effectiveness of the judicial settlement conference by reducing the time for communication of offers and expanding the ability to explore options for settlement. A party representative with full settlement authority shall appear in person for each party. If any party is insured for the claims at issue, a representative of the insurer with full settlement authority shall also appear in person.

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and have made a serious effort to settle the case on

their own. Before arriving at the settlement conference, the parties are to negotiate and make a good faith effort to settle the case without involvement of the Court. Specific proposals and counter proposals should be made.

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences are more efficient if all parties and counsel are prepared. Consider the points set forth in the attached Settlement Conference Preparation sheet as well as any other matters you deem relevant.

Each party shall submit, in confidence, a concise statement of the evidence the party expects to produce at trial, via email to **ginger_clements@gas.uscourts.gov** on or before **September 9, 2026.** The statements should include: the relevant facts, relevant statutory/case law, an analysis on the strengths and weaknesses of your case, an outline of the settlement negotiations to date, and other matters you deem relevant. The statements also should include the name of each individual attending the settlement conference and in what capacity that person is attending. In addition, the statements shall include the name, phone number, and email address of each party's representatives. The statement is not to exceed ten typed pages, double-spaced. Furthermore, as way of disclosure, one or more of the parties may have had previous bankruptcy proceedings and/or previous judicial settlement conferences before the Settlement Facilitator, and the Settlement Facilitator was a member of the law firm representing one or more of the Defendants until 2006. Please include in your statement any objections you may have to proceeding before the Settlement Facilitator.

The settlement conference will be conducted in such a manner as to not prejudice any party in the event settlement is not reached. To that end, all matters communicated with the facilitator in confidence will be kept confidential and will not be disclosed to any other party.



AO 72A
(Rev. 8/82)

The parties agree, by participating in the settlement conference, that any statements made or presented during the conference are confidential and may not be used as evidence in any subsequent administrative or judicial proceedings. However, the facilitator will share the results of the settlement conference with the presiding District and Magistrate Judges, including, if appropriate, the completed Settlement Term Sheet referenced below.

The parties, through counsel, should be prepared to begin the settlement conference with a brief presentation outlining the factual and legal highlights of the case. Separate, confidential caucuses will be held with each party. Attached is an outline for counsel to review with the parties prior to the settlement conference to make the best use of the limited time allotted.

If the settlement conference is successful, the Court will require the parties to execute a Settlement Term Sheet. The parties may download a fillable PDF version of this form at https://www.gasd.uscourts.gov/judge-epps-civil-cases.

SO ORDERED this 12th day of August, 2026, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

**[END OF DOCUMENT]**

## SETTLEMENT CONFERENCE PREPARATION

Consider the following points, some of which may not apply, to aid in the effectiveness of your settlement conference.

A. FORMAT

1. Parties with ultimate settlement authority must be personally present. If this is not possible, you must notify the facilitator in advance and discuss the alternatives.

2. The Court will use a settlement conference format, and private caucusing with each side; the facilitator may address your client directly. The facilitator will not meet with parties separate from counsel.

B. ISSUES

1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument? What is your weakest position?

2. What remedies are available resulting from this litigation? From a settlement?

3. Is there any ancillary litigation pending or planned which affects case value? What about liens?

4. As one or more of the parties may have had previous court proceedings and/or previous judicial settlement conferences before the Settlement Facilitator, please include in your statement any objections you may have to proceeding before the Settlement Facilitator.

5. The Settlement Facilitator was a member of the law firm representing one or more of the Defendants until 2006, please include in your statement any

objections you may have to proceeding before the Settlement Facilitator.

C. CASE LAW/STATUTORY AUTHORITY

1. Are there key case law/statutory authority supporting your position?

2. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

3. Does the settlement hinge upon, or affect, other proceedings?

4. Do attorney's fees or other expenses affect the settlement? Have you communicated this to the other side?

5. Is Defendant and/or its carrier solvent? Are there solvency/collectability/ dischargeability considerations?

D. ACTUAL AUTHORITY

1. Are there any outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the facilitator before the conference and a notice of the settlement conference will be sent.

2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier?

E. NEGOTIATIONS

1. Where did your last discussion end?

2. Discuss settlement with the opposing parties before the conference to make it proceed more efficiently. At least one offer and response/counter should be made.

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? If it is significantly different from values you have placed on this case at other times, does your client understand why?

5. Is there confidential information which affects case value? Why should it not be disclosed? How can the other side be persuaded to change value if it does not have this information?

6. What happens if you do not settle the case at conference? What is your best alternative to a negotiated settlement? Why? What might change the outcome of the settlement conference? Pending motions, discovery, expert's report, etc.

F. CLOSING

1. Have you discussed settlement formats with your client? If appropriate, does the client understand structured settlements, annuities, Rule 68 offers of judgment?

2. How soon could checks/closing documents be received?

3. If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions? Do you want the Court involved in these talks?

4. If settlement is not reached, be prepared to discuss it again at the pretrial conference.

5. Provide contact information, including phone number(s) for counsel, or if *pro se*, for party.



AO 72A
(Rev. 8/82)